**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    14-50518 |
| Plaintiff-Appellee, | D.C. No.<br>5:14-cr-00020-VAP-1 |
| v. | |
| MATTHEW FRAZER, AKA Matthew<br>Wade Frazer, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Argued and Submitted May 12, 2017
Pasadena, California

Before:  CHRISTEN and WATFORD, Circuit Judges, and SOTO,** District Judge.

**1.** Given the convoluted state of the record, we vacate Matthew Frazer's

sentence and remand for resentencing.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable James Alan Soto, United States District Judge for the
District of Arizona, sitting by designation.

When imposing Frazer's sentence, the court orally pronounced a sentence of 276 months in prison. When allocating his term of imprisonment between the two counts, however, the court imposed 240 months on Count One and 36 months on Count Two, with the terms to be served "concurrently." That allocation suggests a total sentence of 240 months, rather than 276 months as the court initially stated. The court's oral pronouncement of the sentence is therefore ambiguous.

The court issued a series of written judgments, which ordinarily could be relied upon to clarify an ambiguous oral pronouncement of the sentence. *United States v. Garcia*, 37 F.3d 1359, 1368 (9th Cir. 1994). But the written judgments are themselves confusing, and they were issued outside the 14-day time limit permitted under Federal Rule of Criminal Procedure 35(a) for correction of arithmetical, technical, or other clear errors. Faced with this record, we think the wisest course is to vacate Frazer's sentence and remand for resentencing, which will allow the district court to eliminate any doubt about the sentence it intended to impose. *See United States v. Napier*, 463 F.3d 1040, 1043–44 (9th Cir. 2006).

**2.** The district court did not commit plain procedural error by imposing the supervised release condition requiring Frazer to obtain court permission before contacting minor members of his family. Frazer's reliance on *United States v. Wolf Child*, 699 F.3d 1082 (9th Cir. 2012), is misplaced. In that case, the

defendant had sexually abused a 16-year-old non-family member. Based on that incident alone, the court imposed a condition of supervised release prohibiting the defendant from having any contact with his own daughters, who at the time were below the age of three. There was no indication that the defendant posed a threat to his own children, so the district court erred by failing to follow enhanced procedural safeguards before imposing the condition. *Id.* at 1094. Frazer, on the other hand, repeatedly sexually abused his own minor daughter, so the court was correct to be concerned about the risk he posed to minor children in his family, both now and in the future. Furthermore, the presentence materials submitted to the court warned that Frazer's wife was not appropriately protecting their daughter from Frazer. The district court adopted these facts and discussed the factors to be considered in imposing a supervised release condition, including the nature and circumstances of the offenses and the history and circumstances of the defendant. On this record, the district court satisfied the requirements for imposition of Frazer's supervised release condition.

**AFFIRMED in part; VACATED and REMANDED in part**.